Dear Mayor Ferguson:
You advise this office that you are the incumbent mayor for the Village of Maurice, and that you seek re-election to the office. Your opponent in the campaign is Mr. Wayne Theriot, who is currently employed by the University of Louisiana at Lafayette as Assistant Vice President of Business and Financial Affairs. You ask if Mr. Theriot's position of state employment disqualifies him as a candidate in the election.
At the outset, we note that a person holding state employment in the classified service may not "be a candidate for nomination or election to public office . . ." See La.Const. Art. X § 9(A). This prohibition is not applicable to those employees in the unclassified service, which under the state constitution includes employees who are "administrative officers of schools, colleges, and universities of the state." See La.Const. Art. X § 2(B)(9).
It is the opinion of this office that Mr. Theriot, as Assistant Vice President of Business and Financial Affairs, is employed in an unclassified position as an administrative officer of the university, and for this reason he is not subject to the prohibition against political activities otherwise applicable to those persons employed in the classified service. In other words, he is not disqualified under the civil service law as a candidate for the office of mayor because of his current employment with the university.
However, should Mr. Theriot be elected to the office of mayor, the provisions of the Louisiana Dual Officeholding and Dual Employment Law, La.R.S. 42:61, et seq., become applicable. La.R.S. 42:63(D) prohibits one from holding elective office in a political subdivision of the state while holding state employment with *Page 2 
the university.[1] An exemption to this prohibition exists permitting those employed in a "professional educational capacity" by an educational institution to hold elective office. See
La.R.S. 42:66(B).[2]
This office has on three separate occasions determined that Mr. Theriot is not employed in a "professional educational capacity" in his position as Assistant Vice President of Business and Financial Affairs. In La. Atty. Gen. Op. 94-278, this office advised that Mr. Theriot could not hold the elective office of alderman for the Village of Maurice while holding his employment with the university (in the same position of Assistant Vice President for Business Services). The author of Opinion 94-278 provided the following analysis:
The exemption found in R.S. 42:66B is for school teachers and those employed in a professional educational capacity in a school or other educational institution. Clearly, the class of employees intended to be exempted were those whose employment is concerned with the educational process. Thus, an employee of an educational institution, such as University of Southwestern Louisiana, whose employment is not in a professional capacity and/or is unrelated to the institution's educational role would not fall within the exemption of R.S. 42:66B.
The employment at issue in your opinion request is that of Director of Business Services at the University of Southwestern Louisiana. The job responsibilities of the director include supervision of the Bursar's Office the Cashier's Office, the Data Control Office, Accounts Payable Office and the University Post Office. Further, the director serves as Chairman of the University Fee Committee which reviews student appeals as they relate to their educational expenses. Thus, the director's duties primarily concern the payment of tuition and other educational expenses, personnel payroll and *Page 3 
related matters. These functions involve the University's finances and are crucial to its survival; however, they do not involve the educational process.[3]
Therefore, it is the opinion of this writer that the Director of Business Services at the University of Southwestern Louisiana is not employed in a professional educational capacity for purposes of R.S. 42:66B and, thus, the director is prohibited by R.S. 42:63D from concurrently holding the position of Alderman for the Village of Maurice, Louisiana.
In La. Atty. Gen. Op. 96-49, this office affirmed the author's conclusion in Opinion 94-278, and again advised that Mr. Theriot "does not hold employment in a professional education capacity" as Director of Business Services[4] at the university.
Finally, in La. Atty. Gen. Op. 98-82, issued directly to Mr. Theriot, this office advised that "the Assistant Vice President for Business Services with the University of Southwestern Louisiana, is not employed in the professional educational capacity for purposes of the exemption provided in LSA-R.S. 42:66(B), and thus, is prohibited by LSA-R.S. 42:63(D)from concurrently holding such employment and the position of Alderman for the Village of Maurice."
Assuming that Mr. Theriot's job description is unchanged, it is the opinion of this office that the legal analysis provided in La. Atty. Gen. Ops. 98-82, 96-49, and 94-278 is applicable here, as the only factual difference is here the elective office sought is mayor rather than alderman. Thus, Mr. Theriot is not employed in a "professional educational capacity" in his position as Assistant Vice President of Business and Financial Affairs. Because the professional educational capacity exemption is unavailable to him, the general prohibition of La.R.S. 42:63(D) applies, and prohibits Mr. Theriot from at the same time holding employment with the university and the local elective office of mayor.
It is the opinion of this office that the civil service rule prohibiting political activity does not apply to Mr. Theriot, as his position of employment is unclassified. He is therefore not prohibited from campaigning for the office of mayor. However, if he is elected, Mr. Theriot must resign from one of the positions, as the law prohibits the holding of state employment and elective office. *Page 4 
We hope the foregoing is helpful to you. Should you have other questions with which we may provide assistance, please contact this office.
Very truly yours,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:arg
cc: Mr. Wayne Theriot
500 Lastie Street Maurice, LA 70555
[1] La.R.S. 42:63(D) provides, in part:
D. No person holding an elective office in a politicalsubdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at thesame time employment in the government of this state, or in the same political subdivision in which he holds an elective office . . .
[2] La.R.S. 42:66(B) states:
B. Nothing in this Part shall be construed to prevent a school teacher or person employed in a professional educational capacity in a grade school, high school, other educational institution, parish or city school board from holding at the same time an elective or appointive office.
[3] The University of Southwestern Louisiana was renamed the University of Louisiana at Lafayette.
[4] Mr. Theriot's title at the university changed from "Director" to "Assistant Vice President" of Business Affairs; however, his duties remained the same. See La. Atty. Gen. Ops. 98-82, 96-49 and 94-278.